# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SHA'RODNEY APPLING, *Plaintiff*, v. Correctional Officer COX, *Defendant.* | CIVIL ACTION NO. 5:18-cv-00444-TES-CHW |

## ORDER OF DISMISSAL

Plaintiff Sha'Rodney Appling filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983. [Doc. 1]. Additionally, Plaintiff moved for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). [Doc. 2]. He did not, however, file an affidavit in support of his claim of indigence or a printout of his trust fund account statement for the previous six months, as required by § 1915(a). Therefore, the magistrate judge ordered Plaintiff to submit an affidavit and a certified copy of his trust fund account statement, including a printout showing Plaintiff's account transactions for the last six months. [Doc. 5]. The magistrate judge gave Plaintiff 21 days to comply and cautioned Plaintiff that his failure to do so could result in the Court dismissing this action. [*Id.*].

Thereafter, Plaintiff failed to comply with the Order requiring his submission of an affidavit and a certified copy of his trust fund account statement within the allotted time. Moreover, the United States Postal Service returned the previous Order to this Court as undeliverable. *See* [Doc. 6]. The Court sent its Order to Plaintiff at the Butts County Detention Center, which is the only address this Court has on file for Plaintiff. Plaintiff's failure to keep the Court apprised of his current address constitutes a failure to prosecute this case, and insofar as this Court has no information as to Plaintiff's current whereabouts, this case may not proceed.

Accordingly, the magistrate judge subsequently ordered Plaintiff to show cause why this case should not be dismissed for failure to comply with the Court's previous Order and failure to keep the Court apprised of his current address. [Doc. 7]. The magistrate judge again gave Plaintiff 21 days to respond and cautioned Plaintiff that his failure to do so would result in the Court dismissing this action. [*Id.*].

To date, Plaintiff has not responded to the Show Cause Order, and the Postal Service also returned it to the Court as undeliverable. *See* [Doc. 8]. Thus, in light of Plaintiff's failure to comply with the Court's previous Orders or to otherwise prosecute his case, the Court now **DISMISSES** Plaintiff's Complaint **without prejudice** and **TERMINATES** Plaintiff's pending Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] **as moot**. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule

41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 19th day of March, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**